UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO, et. al.,

       Plaintiff,

                                     Case No.: 03-CV-72991-DT

vs.                                HON. DENISE PAGE HOOD
                                       MAG. JUDGE WALLACE CAPEL, JR.

STATE OF MICHIGAN, et. al.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court is Plaintiff's "Motion for Summary Judgment," filed November 17, 2004, and "Defendants' Motion to Dismiss," filed February 15, 2005.

**II.    FACTUAL STATEMENT**

A careful examination of the parties' motions reveals that an additional recitation of the history of events would be repetive. The pertinent facts relied upon by this court will be fully articulated in the analysis.

**III.    STANDARD OF REVIEW**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Dismissal pursuant

to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996). A complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn. 1999)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F.Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Fed.R.Civ.P. 12(b)(6) states, "If on a motion [for judgment on the pleading] matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56......"

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e). To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury. Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F.Supp. 214, 217 (E.D. Mich, 1990).

**IV.   ANALYSIS**

Plaintiff alleges 26 Counts in his Complaint. In Count 1[1] of his Complaint, Plaintiff alleges "Aiding & Abetting to Obstruction of Justice." Plaintiff states that the Defendants aided and abetted others in obstructing justice to him by their dereliction of duty to uphold the United States Constitution. The Court should dismiss for failure to state a claim. Plaintiff claims that Defendants Granholm and Quasarano violated his rights by refusing to investigate his allegations concerning Armada Village, and the automobile titles, as well as by instructing the Michigan State Police ("MSP") not to investigate his allegations. Plaintiff's claims fail for several reasons.

---

[1] Throughout this Report and Recommendation, the undersigned is using Arabic Numerals to distinguish the Counts as the Plaintiff has throughout his Complaint.

A plaintiff suing under § 1983 must plead two allegations in order to state a claim: (1) a plaintiff must allege that some person has deprived him of a federal right, and (2) he must allege that the person who deprived him of that right was acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Plaintiff cannot establish on this claim that he was deprived of a federal right.

"A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public. Therefore, no one member of the public has a right to compel a public official to act." Doe v. Mayor and City Council of Pocomoke City, 745 F.Supp. 1137 (D.Md. 1990). See also DeShany v. Winnebago County Department of Social Services, 989 U.S. 189, 196, 109 S.Ct. 998, 1003 (1989) (held that the Due Process Clause of the Fifth and Fourteenth Amendments "generally confer no affirmative rights to governmental aid, even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual").

Plaintiff's claims also fail because he does not present any evidence to support his allegations that the Defendants ordered or advised the MSP or other agencies not to investigate his claims.

Plaintiff does not present any evidence that Defendant Granholm gave instructions not to investigate his allegations, or that she attempted to obstruct an ongoing investigation. Plaintiff also fails to present evidence that Defendant Quasarano engaged in acts to prevent an investigation. Defendant Quasarano told Plaintiff that he could not assist him because he was with the freedom of information section of the Attorney General's Office and he was not investigating the Plaintiff's allegations, and was not requesting other agencies to investigate. Plaintiff does not present evidence that the Defendant instructed other agencies not to investigate, or that he attempted to obstruct any

other agencies investigations.  A decision not to initiate an investigation, or request another agency to do so doesn't equate into an obstruction of an investigation.

Finally, Plaintiff's claim of conspiracy in regard to this claim fails.  In Hooks v. Hooks, 771 F.2d 935, 943-44 (6th Cir. 1985), the Sixth Circuit set forth the standard for proving a § 1983 conspiracy claim,

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.  Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy.  Each conspirator need not have known all of the details of the illegal plan or all of the participants involved.  All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

Plaintiff totally fails to meet this standard.  His claim of conspiracy is not based upon evidence, but rather upon speculation and conjecture.  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987).

In Count 2 of his Complaint, Plaintiff alleges a conspiracy by Defendants Granholm, Quasarano, James, Harper, Jenkins, Kosloski, and Densmore to obstruct justice.  This Count should be dismissed for the same reasons as the conspiracy charge in Count One.  Plaintiff fails to meet the standards necessary to state a cognizable claim.  Furthermore, his claim lacks specificity, and rests upon vague and conclusory allegations unsupported by material fact.  Finally as stated earlier, Plaintiff has not established that the Defendants owed him a duty to act, or presented any evidence to support his claim that they obstructed an investigation.

Plaintiff's 3rd Count alleges Breach of Trust of their official duties on the part of Defendants Granholm and Quasarano, based upon their alleged indifference and failure to investigate his claims. This Count should also be dismissed for failure to state a claim. As previously stated, "a public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public. Therefore, no one member of the public has a right to compel a public official to act." Doe, 745 F. Supp. 1137.

In his 4th Count, Plaintiff alleges Breach of Trust with fraudulent intent. The Defendants argue that the Count is barred by the statute of limitations, and that Plaintiff does not plead fraud with the requisite specificity. They claim he pleads with general conclusory statements alleging that they conspired with the Macomb County Sheriffs' Department to bring fraudulent criminal charges against Plaintiff. I agree.

In Wilson v. Garcia, 471 U.S. 261, 276-80 (1985), the United States Supreme Court held that the appropriate statute of limitations to be applied in all § 1983 actions is the state statute of limitations governing actions for personal injury. In Owens v. Okure, 488 U.S. 235, 249-50; 109 S.Ct. 573 (1989), the Court stated "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."

The Sixth Circuit has held that the appropriate statute of limitations for § 1983 claims arising in Michigan is the three-year limitations period for personal injury claims. Chippewa Trading Co. v. Cox, 365 F.3d 538, 543 (6th Cir.), *cert. denied* --- U.S. ---, 125 S.Ct. 500 (2004); M.C.L.A. § 600.5805(10).

The events alleged by Plaintiff in this Count occurred in 1998, and early 1999. Plaintiff did not file his Complaint until August of 2003. This Count is therefore time-barred.[2]

In Counts 5 and 6, Plaintiff alleges a violation of the Racketeering Influence to Corrupt Organizations Act ("RICO"). Plaintiff's claims are barred by the statute of limitations. Plaintiff claims that the predicate acts in this case occurred in April of 1998.

For RICO actions the statute of limitations is four years. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156; 107 S.Ct. 2759 (1987). "[A] civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." In order to be timely, Plaintiff's Complaint would have to have been filed by April of 2002. Plaintiff did not file his Complaint until August 2003. Plaintiff's RICO claims, therefore, are barred.

In Count 7, Plaintiff claims that Defendants Granholm and Quasarano violated their official duties by neglecting to prevent a conspiracy, along with Defendants James, Kosloski, Densmore, Harper, and Jenkins, and knowingly aided and abetted to obstruct justice. Plaintiff's claim should be dismissed for several reasons.

First, to state a claim under § 1983, a plaintiff must produce evidence that he was deprived of a right, privilege, or immunity secure by the federal Constitution or law of the United States, and the deprivation was caused by a person acting under color of state laws. Plaintiff has no right or

---

[2] I need not address Defendants' alterative basis for dismissal of this count because of the application of the statute of limitations. I agree, however, that Defendants' argument has merit. Plaintiff has not provided the requisite specificity necessary to support his claim of (Cont'd. . . .) (. . . .cont'd) fraud. He does not present any evidence to support his claim, and simply relies on speculation and conjecture.

privilege under federal Constitution or laws of the United States which require governmental officials to investigate or prosecute an alleged crime. Doe, 745 F. Supp. 1137.

Secondly, Plaintiff's claims of civil conspiracy are speculative and based upon conjecture. Vague and conclusory allegations of conspiracy unsupported by material facts are not sufficient to state a claim. Gutierrez, 826 F.2d at 1538. Finally, Plaintiff's claim is barred by the statute of limitations. The statute of limitations for 1983 claims arising in Michigan, as previously stated, is three years. Chippewa Trading Co., 365 F.3d 538. This statute begins to run when the plaintiff knew or should have known of the injury which forms the basis of their claims. See Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). The Plaintiff in this case knew of the alleged events in 1998 and 1999. Plaintiff did not file his Complaint until August of 2003. This claim, therefore, is time barred.

In Count 8, Plaintiff alleges that the Defendants deliberately neglected to prevent a conspiracy, along with aided and abetted the obstruction of justice within a criminal investigation. This Count should be dismissed for the same reasons as Count 7.

Counts 9 through 16[3] of Plaintiff's Complaint are all barred by the statute of limitations. A claim of intended infliction of emotional distress must be brought within three years after they accrue in order to avoid the limitations bar. See Lemmerman v. Fealk, 449 Mich. 56, 63-64; 534

---

[3] Count 9 - Intentional Infliction of Emotional Distress
Count 10 - Negligent Infliction of Emotional Distress
Count 11 - Negligence
Count 12 - Wanton Negligence
Count 13 - Negligence Per Se
Count 14 - Concurrent Negligence
Count 15 - Gross Negligence
Count 16 - Co-Conspiracy to Commit Fraud

N.W.2d 695 (1995). A claim accrues at the time the wrong upon which the claim is based was done, regardless of the time damage results. M.C.L. § 600.5827. The time of the wrong that triggers the running of the limitations period is the date on which the Plaintiff was deprived by defendants' acts. Stephens v. Dixon, 449 Mich. 531, 534-535; 536 N.W.2d 755 (1995). The statute of limitations for negligence is three years. MCL 600.5805(8); 600.5805(9). The acts in these Counts accrued in 1998 and 1999. Plaintiff's Complaint was filed in August of 2003, after the limitations period had passed.

In Count 17, Plaintiff alleges constructive fraud. He claims that Defendants Granholm and Quasarano deceived him by leading him to believe that they would look into his allegations. Plaintiff failed to state a claim as to this Count. Constructive fraud is the breach of a legal or equitable duty that tends to deceive other, regardless of the moral guilt of the person committing the fraud. Sumpter v. Kosinski, 165 Mich. App. 784, 804; 419 N.W.2d 463 (1988). In this case, the Defendants did not owe or breach a legal or equitable duty to Plaintiff. Furthermore, Plaintiff does not present any evidence of a misrepresentation.

Defendant Granholm instructed Defendant Quasarano to look into the matter. Defendant Quasarano gave Plaintiff his card and told Plaintiff to call him. When Plaintiff called, Defendant Quasarano told him that he could not help him because he worked on the freedom of information section and advised him to get outside legal counsel. No promise was ever made to the Plaintiff that the Defendants would investigate or assist others in investigating his allegations. To the contrary, Plaintiff was clearly told that Defendants would not get involved. Plaintiff has not established the elements of a constructive fraud claim.

In Count 18, Plaintiff makes a claim of fraud. He alleges that Defendants were aware of Lt. Baumgarten's actions and failed to act or cover up her actions. This Count should be dismissed for failure to state a claim. To prove fraud, Plaintiff must establish that: 1) the Defendants made a material misrepresentation; 2) that it was false; 3) the Defendants knew at the time of the representation that it was false, or that the representation was made recklessly without knowledge of its truth as a positive assertion; 4) the Defendant made the representation with the intention that the Plaintiff would act on it; 5) the Plaintiff acted in reliance on the representation; and 6) the Plaintiff suffered damage. M&D Inc. v. W. B. McConkey, 231 Mich.App. 22, 27; 585 N.W.2d 33 (1998). Plaintiff's claim fails because once again, he hasn't presented any evidence that the Defendants made a false and material misrepresentation with the intent that he act upon it, and which did act upon it.

In Counts 19 (Conspiracy to Interfere with Civil Rights) and 20 (Conspiracy to Violate Civil Rights), the acts in these Counts accrued in 1998 and 1999. Plaintiff's Complaint was filed in August of 2003, after the limitations period had passed.

Counts 21 (Conspiracy to Interfere with Interstate Commerce) and 22 (Conspiracy to Interfere with Intrastate Commerce) are barred by the three year statute of limitations. The events occurred in April of 1998, and the Plaintiff's Complaint was filed in August of 2003.

Count 24 (Tortious Interference with Business)[4] of Plaintiff's Complaint is barred by the three year statute of limitations. MCL 600.5805(10).

Furthermore, "one who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act

---

[4] It should be noted that Plaintiff never claimed a Count 23.

with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." Feldman v. Green, 138 Mich.App. 360, 378; 360 N.W.2d 881, (1984). Plaintiff has not presented any evidence that the Defendants committed any acts simply for the purpose of invading the contractual rights or business relationship of another.

Count 25 (Conspiracy to Aid and Encourage Extortion of Real Estate Property for Personal Gains Through the Means and Ways of Using Governmental Offices and Governmental Employees) of Plaintiff's Complaint is barred by the three year statute of limitations applicable to § 1983 claims.

Counts 26 (Co-Conspiracy to Slander Per Se) and 27 (Co-Conspiracy to Falsify Claims) are barred by the statute of limitations. The period of limitations for liable or slander is one year. MCL 600.5805(9). The alleged acts in this case occurred in April of 1998, and July, 2001.

Plaintiff's Motion for Summary Judgment should be dismissed because it simply restates his claims which I have already analyzed above.

## V.   CONCLUSION

For the reasons stated I respectfully recommend that Plaintiff's Motion be **DENIED**, Defendant's Motion be **GRANTED**, and this case be **DISMISSED**.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                                s/Wallace Capel, Jr.
                                                **WALLACE CAPEL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

**Date:**  August 3, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system to the following: James T. Farrell,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Joseph Raimondo, P. O. Box 330, Armada, Michigan 48005 and Mark Clark, 137 W. St. Clair, Romeo, Michigan 48065.

                                                s/James P. Peltier
                                                United States District Court
                                                Flint, Michigan 48502
                                                810-341-7850
                                                E-mail: pete_peltier@mied.uscourts.gov