UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO, JANET RAIMONDO,
RAIMONDO'S ARMADA COLLISION,
and MICHIGAN MUSCLE UNLIMITED,

    Plaintiffs,

v.

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF STATE (BUREAU OF
AUTOMOTIVE), SUSAN HARPER, JOHN
DOE, JIM JENKINS, ROGER JAMES,
JOHN DOE, MICHIGAN DEPARTMENT OF
STATE (SPECIAL ASSISTANCE UNIT), JO
KOSLOSKI, TINA DENSMORE, JENNIFER
GRANHOLM, THOMAS QUASARAN, ANY
OTHER JOHN DOE,

    Defendants.
_____/

Case No.03-CV-72991-DT

HONORABLE DENISE PAGE HOOD

**ORDER ACCEPTING IN PART AND REJECTING IN PART
THE REPORT AND RECOMMENDATION
AND
DISMISSING ACTION**

**I.   INTRODUCTION**

This matter is before the Court on Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation dated August 3, 2005 on Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss. Any appeal of or objections to a magistrate judge's Report and Recommendation must be made within ten (10) days of the entry of the Report, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the

right to appeal. *See Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). The Court reviews *de novo* those portions of the Report to which objection is made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1). To date, no Objections have been filed to the Report and Recommendation.

The crux of Plaintiffs' 122-page Complaint is that the Defendants employed by the Michigan Department of State Bureau of Automotive Regulation and Special Assistance Unit violated Plaintiffs' rights when an administrative search was made on their property on April 6, 1998. The seizure of vehicle titles, the failure to return the titles to Plaintiffs and the destruction of the vehicle titles deprived Plaintiffs of their property. The remaining Defendants moved for dismissal of the Complaint. The Magistrate Judge's Report and Recommendation analyzes all 26 Counts[1] of Plaintiffs' 122-page Complaint.

The Court agrees with the Magistrate Judge that because Plaintiffs are proceeding *pro se*, the complaint must be liberally construed, but that the Court is not required to accept summary allegations or unwarranted legal conclusions. *See Lilliard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727 (6th Cir. 1996). The Court has had an opportunity to review the Report and Recommendation and, for the reasons set forth below, accepts in part and rejects in part, the Magistrate Judge's findings.

**II. ANALYSIS**

**A. Counts 1, 2, 3 and 4 (Breach of Trust/Conspiracy Claims)**

The Court agrees with the Magistrate Judge that Plaintiffs have failed to state a claim in Count 1 of "Aiding & Abetting to Obstruction of Justice," Count 3, "Breach of Trust" for failing

---

[1]The Complaint sets forth 27 counts; however, there is no Count 23.

to investigate a crime, and, Count 4, "Breach of Trust with Fraudulent Intent," because a public official charged with the duty to investigate or prosecute a crime does not owe that duty to one particular member of the public. *See DeShaney v. Winnebago County Dep't of Social Services,* 989 U.S. 189, 196 (1989); *Dallas v. Holmes*, 2005 WL 1313801 (6th Cir. May 12, 2005)(unpublished).

In addition, Plaintiffs have failed to state a claim for "Obstruction of Justice" as alleged in Count 1, "Aiding & Abetting to Obstruction of Justice," and Count 2, "Aiding & Abetting as Co-Conspirators to Obstruct Justice." Liberally construing these counts as a conspiracy claim, 42 U.S.C. § 1985(3) may provide a private cause of action which could be construed as obstruction of justice. Section 1985(3) provides for a claim against those who conspire to "depriv[e], either directly or indirectly, any class of persons of the equal protections of the laws," which the Supreme Court has held is applicable to conspiracies where the plaintiff establishes "some racial, or otherwise perhaps class-based, invidiously discriminatory animus." *United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *see also Browder v. Tipton,* 630 F.2d 1149 (6th Cir.1980). Plaintiffs' Complaint fails to allege such an animus. Plaintiff alleges that some of the Defendants are citizens from "the majority party" and Plaintiffs are from "the minority party." However, this is not "the racial," "class-based," or other "invidious discriminatory animus" recognized by law. An individual's political party affiliation does not establish a "racial" or "otherwise perhaps class-based" animus.

The Court agrees with the Magistrate Judge that inasmuch as Counts 1 and 2 can be construed to allege a conspiracy claim, these counts must be dismissed because Plaintiffs have failed to sufficiently allege a conspiracy claim, having made only general conclusory statements in their Complaint. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987).

**B.     Counts 5 and 6 (RICO Claims)**

Count 5 alleges, violations under 18 U.S.C. §§ 1961-1968, "Racketeering Influence to Corrupt Organizations Act, (RICO) Racketeering" and Count 6, "Co-Conspiracy of Aiding and Abetting Others in Racketeering Influence to Corrupt Organizations Act, (RICO) Racketeering, 18 U.S.C. §§ 1961-1968." The Court does not agree with the Magistrate Judge that the RICO claims are barred by the four year statute of limitations for RICO actions. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143, 156 (1987). Viewing the Complaint liberally, although the allegations contained in Counts 5 and 6 only refer to an April 6, 1998 date, the General Allegations portion of the Complaint alleges dates in addition to the April 6, 1998 date, including dates in 2000 and 2001. The 2000 and 2001 dates would fall within the four year statute of limitations since the Complaint was filed in August 2003. (Complaint, ¶¶ 2A, 60, 61-63, 66, 67, 70).

Although Counts 5 and 6 are not barred by the statute of limitations, Plaintiffs have failed to state a claim under RICO. A plaintiff who asserts a civil action under 18 U.S.C. § 1962(c) must show that the defendants have engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). A RICO enterprise is defined as "any individual, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The enterprise element must be shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associations function as a continuing unit." *United States v. Turkette,* 452 U.S. 576, 584 (1981). Such continuity of structure exists where there is an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than an ad hoc basis. *United States v. Tocco*, 200 F3d 401, 425 (6th Cir.

2000)(quoting *United States v. Kragness,* 830 F.2d 842, 856 (8th Cir. 1987)). A plaintiff must "show an ascertainable structure distinct from any structure inherent in the conduct of a pattern of racketeering activity." *Tocco*, 200 F.3d at 425. An enterprise is a separate and distinct entity from the person or named-defendants. *Durant v. Servicemaster Co.,* 159 F.Supp.2d 977, 981 (E.D. Mich. 2001)("A RICO enterprise 'cannot merely consist of the named defendants.'")(quotation omitted). Because of the disgrace that a RICO claim may bring to a defendant, courts should eliminate frivolous RICO claims at the earliest stage of litigation. *Id.* A review of Plaintiffs' Complaint does not show that Plaintiffs have alleged the distinct element of an enterprise, apart from the individually-named Defendants. Plaintiffs have failed to state a RICO claim against the individual Defendants. Counts 5 and 6 must be dismissed.

    **C.**    **Counts 7 and 8 (Conspiracy)**

Count 7 alleges a claim under 42 U.S.C. § 1986, "Neglect to Prevent a Conspiracy" and Count 8 alleges "Intent" in an ongoing conspiracy to violate civil rights. Although the Court is not aware of a cause of action entitled "Intent," the Court considers Count 8 as a claim for conspiracy. Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and "having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. If a "plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." *Braley v. City of Pontiac,* 906 F.2d 220, 227 (6th Cir.1990). As the Court ruled above, Plaintiffs have failed to state a conspiracy claim under § 1985. Plaintiffs, therefore, have failed to state a claim under 42 U.S.C. § 1986 and Counts 7 and 8 must be dismissed.

### D. Counts 9 through 15 (State Law Tort Claims)

#### 1. Statute of Limitations

As to Counts 9 through 15, all personal injury/tort claims, including infliction of emotional distress or negligence, the Court does not agree with the Magistrate Judge that these claims are barred by the three-year statute of limitations for negligence under Michigan law. *See Lemmerman v. Fealk,* 449 Mich. 56, 63-64 (1995); M.C.L. §§ 600.5827, 600.5805(8). The Court liberally construes Plaintiffs' Complaint. Although Plaintiffs allege dates in 1998 in Counts 9 through 15, Plaintiffs also identify dates in 2000 and 2001, which may be within the three-year statutes of limitations, since the Complaint was filed in 2003.

However, Counts 9 through 15 must be dismissed for failure to state a claim upon which relief may be granted, as argued by Defendants, and as set forth below.

#### 2. Count 9

Count 9 alleges "Intentional Infliction of Emotional Distress." The elements of intentional infliction of emotional distress are: 1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and 4) severe emotional distress. *Doe v. Mills*, 212 Mich. App. 73, 91 (1995); *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594 (1985). Plaintiffs have failed to state that the actions by the individual Defendants are extreme and outrageous. Plaintiffs allege that Defendants knowingly caused intentional infliction of emotional distress by causing direct harm to Plaintiffs' business and personal reputation and that Defendants withheld valuable information, without specifying what information was withheld, which could have prevented April 6, 1998 raid on their property. Plaintiffs have failed to show that Defendants violated any statutes or laws, in connection with their positions as employees of the State of Michigan. Count 9 must be dismissed.

### 3. Counts 10 through 14

Counts 10 through 14 allege some form of a "negligence" claim: Negligent Infliction of Emotional Distress (Count 10); Negligence (Count 11); Wanton Negligence (Count 12); Negligence Per Se (Count 13); and, Concurrent Negligence (Count 14).[2] The individual Defendants argue they are entitled to governmental immunity under M.C.L. 691.1407(2) which provides in part:

> Except as otherwise provided in this section and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency ... shall be immune from tort liability for injuries to persons or damages to property caused by the officer employee or member while in the course of employment or service ... on behalf of a governmental agency if all of the following are met:
>
> a. The officer ... reasonably believes he or she is acting within the scope of his or her authority;
> b. The governmental agency is engaged in ... a governmental function;
> c. The officer's ... conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

M.C.L. 691.1407(2). All of the individual Defendants are government employees, acting in the scope of the employment and are therefore immune to the negligence actions alleged by Plaintiffs. M.C.L. 691.1407(2). Counts 10 through 14 must be dismissed.

### 4. Count 15

Count 15 alleges "Gross Negligence." Evidence of ordinary negligence is insufficient to show gross negligence. *Maiden v. Rozwood,* 461 Mich. 109, 122-23 (1999). If an officer has acted

---

[2] The Court is unaware of any causes of action in Michigan entitled, "Wanton Negligence" or "Concurrent Negligence."

with probable cause, his actions do not constitute gross negligent as a matter of law. *Bell v. Fox,* 206 Mich. App. 522, 527 (1994). A plaintiff must demonstrate that the alleged gross negligence was "the sole" proximate cause of a plaintiff's injuries. *Robinson v. City of Detroit,* 462 Mich. 439, 446-47 (2000). Plaintiffs allege in Count 15 that the individual Defendants aided and abetted and conspired to violate their civil rights that "gave direct aid to cause [the] April 6, 1998" raid of Plaintiffs' property. Plaintiffs' property was searched and items seized on April 6, 1998. The issue of whether the search was based on probable cause is not before this Court. Plaintiffs have not alleged, other than by conclusory statements of conspiracy, what actions constitute "gross negligence" by Defendants. Plaintiffs have also failed to allege that Defendants' gross negligence, if any, was the "the sole" proximate cause of Plaintiffs' injuries. Count 15 must be dismissed.

     **E.**     **Counts 16 through 18 (Fraud Claims)**

Counts 16 through 18 allege some form of fraud: Co-conspiracy to Commit Fraud (Count 16); Constructive Fraud (Count 17); and, Fraud in Fact (Count 18). Rule 9(b) of the Rules of Civil Procedure provides that allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b). In Michigan, the elements of fraudulent misrepresentation are:

> 1) That defendant made a material representation; 2) that it was false; 3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; 4) that he made it with the intention that it should be acted upon by plaintiff; 5) that plaintiff acted in reliance upon it; and 6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty.

*Hi-Way Motor Co. v. Int'l Harvester Co.,* 398 Mich. 330 (1976). A review of Counts 16-18 reveal that Plaintiffs have failed to state with particularity a claim for fraud. Plaintiffs do not identify the misrepresentations the Defendants have made nor do they state that Plaintiffs relied on these

8

statements.

Plaintiffs allege a conspiracy to deprive Plaintiffs of their civil rights in these counts. As noted above, Plaintiffs cannot show a claim for conspiracy under 42 U.S.C. § 1985. Counts 16 through 18 must be dismissed.

### F.     Counts 19 through 27 (Except Count 24) (Additional Conspiracy Claims)

For the reasons set forth above, the Court rejects the Magistrate Judge's findings barring the claims in Counts 19 through 25 based on the statute of limitations. The Court finds, however, that Plaintiffs have failed to allege a conspiracy claim, for the reasons also set forth above. Throughout Plaintiffs' Complaint, Plaintiffs allege some form of a conspiracy claim, including in Count 19 ("Conspiracy to Interfere with Civil Rights" under 42 U.S.C. § 1985), Count 20 ("Conspiracy to Violate Civil Rights" under 42 U.S.C. § 1983, Equal Protection and Due Process), Count 21 ("Conspiracy to Interfere with Interstate Commerce"), Count 22 ("Conspiracy to Interfere with Intrastate Commerce"), Count 25 ("Co-Conspiracy to Aid and Encourage Extortion of Real Estate Property for Personal Gains Through the Means and Ways of Using Governmental Offices and Governmental Employees"), Count 26 ("Co-Conspiracy to Slander Per Se"), and Count 27 ("Libel, Co-Conspiracy to Falsify Claims").

As previously noted, Plaintiffs have failed to state a conspiracy claim because Plaintiffs have failed to allege a racial or class-based animus, as required under 42 U.S.C. § 1985. Plaintiffs have also failed to plead with specificity a conspiracy claim. Plaintiffs only generally allege that Defendants conspired to violate Plaintiffs' civil rights. *See Gutierrez*, 826 F.2d at 1538. Additionally, the Court is not aware of a private cause of action based on Interference with Interstate or Intrastate Commerce or Extortion of Real Estate Property for Personal Gains Through the Means

9

and Ways of Using Governmental Offices and Governmental Employees.

### G.    42 U.S.C. § 1983 Claims (Counts 4 and 20)

#### 1.    Statute of Limitations

Inasmuch as Counts 4 and 20 state a claim under Section 1983, for the reasons set forth above, the Court rejects the Magistrate Judge's conclusion that the three-year statute of limitations apply. The Magistrate Judge noted that the Sixth Circuit has held that the appropriate statute of limitations for § 1983 claims arising in Michigan is the three-year statute of limitations period for personal injury claims. *Chippewa Trading Co. v. Cox,* 365 F.3d 538, 543 (6th Cir. 2004). Although the date in Counts 4-20 refer to the April 6, 1998 raid, as noted above, there are other dates referred to in the Complaint, such as 2000 and 2001.

#### 2.    Equal Protection and Due Process Claims

Based on *Heck v. Humphrey,* 512 U.S. 470 (1994), Defendants argue that Plaintiffs are not entitled to monetary damages under 42 U.S.C. § 1983 since Mr. Raimondo's conviction has not been invalidated.

The following requirements must be met in a 42 U.S.C. § 1983 claim: (1) the conduct at issue must have been under color of state law; (2) the conduct must have caused a deprivation of constitutional rights; and (3) the deprivation must have occurred without due process of law. *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). "To successfully state a claim under 42 U.S.C. § 1983, a Plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati,* 953 F.2d 1036 (6th Cir. 1992). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth

specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989); *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979).

Plaintiffs allege in Count 20 violations of their Equal Protection and Due Process rights. A claim under the Equal Protection Clause must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *Henry v. Metropolitan Sewer Distr.*, 922 F.2d 332, 341 (6th Cir. 1990). Plaintiffs have failed to allege that they are members of a protected class, instead claiming that they are citizens of "the minority party membership." Plaintiffs have not cited any authority, and the Court has found none, that membership in a political party constitutes membership in a protected class for purposes of a claim under the Equal Protection clause. Plaintiffs' Equal Protection claim under Section 1983 in Count 20 must be dismissed.

In a 42 U.S.C. § 1983 Due Process claim, a plaintiff must allege that he or she possessed property that was subjected to some loss which amounted to a deprivation and that the deprivation occurred without due process of law. *See Paratt v. Taylor*, 451 U.S. 527, 536-37 (1980). As noted by Defendants, Mr. Raimondo's conviction stemming from the confiscation of the out of state titles during the April 6, 1998 raid, has not been reversed by any Michigan court. The Fourteenth Amendment procedural due process requires a state to afford an individual notice and hearing before depriving that individual of property. *Zinermon v. Burch,* 494 U.S. 113, 132 (1990); *Moore v. Bd. of Educ. of the Johnson City Sch.,* 134 F.3d 781, 785 (6th Cir. 1998). If a predeprivation hearing is not feasible, and when a postdeprivation process is adequate to assess the propriety of the State's action, there is no procedural due process violation if the state dispossesses an individual of property and makes available meaningful remedy only after the fact. *Vicory v. Walton,* 721 F.2d 1062, 1064 (6th Cir. 1983)(citing *Paratt v. Taylor,* 451 U.S. 527, 539 (1981), *overruled on other grounds by*

*Daniel v. Williams,* 474 U.S. 327 (1986)). If a plaintiff fails to allege that the available state remedies were inadequate or fails to pursue such remedies, a plaintiff has not stated a procedural due process constitutional right violation. *Vicory*, 721 F.2d at 1065; *Campbell v. Shearer,* 732 F.2d 531, 533 (6th Cir. 1984). Plaintiffs have failed to allege in their Complaint, specifically in Count 20, that the state remedies available were inadequate nor have they pursued the remedies in State Court.

Plaintiffs also allege in Count 20 that their home and business land was extorted for a planned development project. The Supreme Court has held that state remedies provide adequate relief to satisfy the requirements of due process relating to actions involving real property. *Paratt v. Taylor*, 451 U.S. 527, 536-37 (1980). Any claims Plaintiffs may have regarding the loss of real property must be brought before the State Court systems. Plaintiffs have failed to allege that the state remedies do not satisfy the Due Process requirements.

   **H. Count 24 (Tortious Interference with Business)**

Count 24 alleges Tortious Interference with Business. The Court rejects the Magistrate Judge's finding that the three year statute of limitations under M.C.L. 600.5805(10) bars this claim for the reasons previously stated. However, for the reasons set forth below, the Court finds that Plaintiffs have failed to state a claim of Tortious Interference with Business. To establish a claim for tortious interference of a business relationship in Michigan, a plaintiff must show: 1) the existence of a valid business relationship or expectancy; 2) knowledge of the relationship or expectancy on the part of the defendant; 3) intentionally causing or inducing a breach or termination of the relationship or expectancy; and 4) resultant actual damage. *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan,* 217 Mich. App. 687, 698-99 (1997)(emphasis added). With regards to the third element, a plaintiff is required to allege that a defendant acted with malice and

the actions were unjustified in law for the purpose of invading the contractual rights or business relationship of another.  *Feldman v. Green,* 138 Mich. App. 360, 378 (1984).

Liberally construing Plaintiffs' Complaint, Plaintiffs have not alleged that the Defendants' actions constituted acted with malice.  Plaintiffs have also failed to allege that Defendants' actions before and after the April 1998 raid were unjustified in law and were for the purpose of invading the contractual rights or business relationship of another.  Plaintiffs merely allege that Defendants conspired to interfere with intrastate commerce by seizing Plaintiffs' private property.  Plaintiffs' Count 24 must be dismissed.

### I.     Counts 26 and 27 (Slander and Libel Claims)

As to the slander and libel claims alleged in Counts 26 and 27, the statute of limitations for a slander or libel claim in Michigan is one year.  M.C.L. 600.5805(9).  The Court noted above that the Complaint generally identifies dates in 2000 and 2001.  The Complaint was filed in August 2003.  Any alleged facts supporting slander and libel claims made in 2000 and 2001 or before, are barred by the one-year statute of limitations.  Counts 26 and 27 must be dismissed.

### III.    CONCLUSION

For the reasons set forth above, the Court accepts in part and rejects in part, the Magistrate Judge's Report and Recommendation dated August 3, 2005.

Accordingly,

IT IS ORDERED that Magistrate Judge Capel's Report and Recommendation dated August 3, 2005 **(Docket No. 29)** is ACCEPTED in part and REJECTED in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment **(Docket No. 18, filed November 22, 2004)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss **(Docket No. 24, filed February 15, 2005)** is GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED with prejudice.

      /s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: September 27, 2005